No. 24-1368

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

SYLVIA CAMPOS,
on behalf of herself and all others similarly situated,
*Plaintiff-Appellee,*

v.

TUBI, INC.,
*Defendant-Appellant.*

On Appeal from the United States District Court for the Northern
District of Illinois, No. 1:23-cv-03843
Judge John J. Tharp Jr., Presiding

## DEFENDANT-APPELLANT TUBI, INC.'S UNOPPOSED
## MOTION TO DISMISS THE APPEAL AND
## VACATE THE DISTRICT COURT'S ORDER

Defendant-Appellant Tubi, Inc. ("Tubi"), by its attorneys, moves to dismiss its appeal in this case and to vacate the district court's order on appeal. Plaintiff-Appellee Sylvia Campos ("Plaintiff") has voluntarily dismissed her lawsuit in the district court for lack of Article III standing. As a result, Tubi's appeal is now moot and should be dismissed. And because Plaintiff's lack of standing means that the district court did not have jurisdiction to issue a ruling on the merits, Tubi also requests that the Court vacate the district court's order. Plaintiff does not oppose these requests.

**A.     Factual Background**

1.     On June 16, 2023, Plaintiff filed a class action complaint against Tubi in the Northern District of Illinois alleging violations of the Video Privacy Protection

Act ("VPPA"), 18 U.S.C. § 2710, and seeking damages, injunctive relief, and attorneys' fees. R. 1.[1] Specifically, Plaintiff alleged that Tubi knowingly disclosed information that identified her and putative class members as having requested or obtained specific video materials or services ("VPPA PII"). *Id.* Plaintiff sought to represent a putative class of "all persons in the United States who had an account with Tubi that they used to view video materials from June 16, 2021 to the present." *Id.* ¶ 35.

2. On July 14, 2023, Plaintiff filed an amended complaint, revising certain allegations but continuing to assert a VPPA claim against Tubi on behalf of the same putative class. R. 7.

3. On August 28, 2023, Tubi filed a motion to compel Plaintiff to arbitrate her claims under the arbitration provision in Tubi's Terms of Use. R. 13; *see* 9 U.S.C. § 4. In the alternative, Tubi sought to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the VPPA. R. 13.

4. On February 8, 2024, the district court denied Tubi's motion to compel arbitration and, in the same order, also denied Tubi's Rule 12(b)(6) motion to dismiss. R. 26. Under the Federal Arbitration Act, the district court's order was immediately appealable, *see* 9 U.S.C. § 16(a), and Tubi timely filed a notice of appeal, R. 29.

5. Upon receiving the notice of appeal, and under the Circuit Mediation Program, the Clerk scheduled a mediation for March 28, 2024. Dkt. 2; *see* Cir. R. 33. In preparation for the March 28 mediation, Tubi requested from Plaintiff's attorneys

---

[1] The electronic record on appeal is cited as "R.," followed by the district court docket number. The docket in this Court is cited as "Dkt."

2

("Class Counsel") certain information to assess Plaintiff's interactions with Tubi, and Plaintiff provided that information. Tubi thereafter checked its registration and other data associated with Plaintiff, which indicated that Plaintiff lacked Article III standing. Tubi then advised Class Counsel that it did not believe Plaintiff had Article III standing to assert a VPPA claim.

6. On March 28, 2024, the parties and their counsel participated in a mediation with Seventh Circuit Mediator Jillisa Brittan. Tubi did not make any offers to settle during this mediation, including because of what it had determined related to Plaintiff's lack of standing and its strong arguments in support of its appeal. Near the conclusion of the mediation, Class Counsel advised Tubi that Class Counsel was considering filing a new claim in state court based on Tubi's proffer related to Plaintiff's lack of standing. Class Counsel and Tubi agreed to participate in a second mediation.

7. In advance of a second mediation, Class Counsel and Tubi shared mediation statements that described the alleged basis for Plaintiff's claim and Tubi's defenses. Tubi again explained that it believed, based on its registration and other data, that Plaintiff had no standing to bring a VPPA claim. In response, Class Counsel advised that they were also representing other individuals who could serve as class representatives and had standing to file new VPPA claims in state court, where Article III is not a constraint.

8. On May 30, 2024, the parties participated in a full-day mediation with a former federal magistrate judge, the Honorable Michael T. Mason (Ret.), of JAMS.

As a result of Judge Mason's and the parties' diligent efforts and vigorous, arms-length negotiations, the parties reached an agreement in principle to settle the case on a class-wide basis at the second mediation. Given the issues related to Plaintiff's standing, to effectuate the class action settlement, Class Counsel chose to file a second VPPA action in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, on behalf of plaintiff Jacqueline Gregory, asserting the same claims and allegations as in this action. *See Gregory v. Tubi, Inc.*, No. 2024-LA-0000209 (Cir. Ct. Winnebago Cnty.).

9. Following the filing of the *Gregory* action, on July 24, 2024, the parties finalized the terms of an agreement to settle the *Gregory* action on a class basis, subject to court approval. On August 26, 2024, the Circuit Court for the Seventeenth Judicial Circuit granted preliminary approval of the settlement. *See* Prelim. Approval Order, *Gregory*, No. 2024-LA-0000209 (Cir. Ct. Winnebago Cnty. Aug. 26, 2024).

10. On September 24, 2024, citing Plaintiff's lack of standing to assert VPPA claims against Tubi, Plaintiff filed a notice of voluntary dismissal in the district court under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* R. 33.

**B. This Court Should Dismiss the Appeal and Vacate the District Court's Order**

11. Plaintiff's voluntary dismissal of her case mooted this appeal. Tubi therefore requests that this Court dismiss its appeal. *See* Fed. R. App. P. 42(b)(2).

12. Tubi also requests that the Court vacate the district court order (R. 26) that is the subject of this appeal. Plaintiff does not dispute that she lacked standing at the time the district court entered its order in this case and that, due to her lack

of standing, the court did not have jurisdiction to rule on the merits. *Brownback v. King*, ⸺ U.S. ⸺, 141 S. Ct. 740, 749 (2021) ("Ordinarily, a court cannot issue a ruling on the merits when it has no jurisdiction because to do so is, by very definition, for a court to act ultra vires." (internal quotation marks omitted)). The "right remedy" under these circumstances is to vacate the order. *Ware v. Best Buy Stores, L.P.,* 6 F.4th 726 (7th Cir. 2021); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 768 (7th Cir. 2009) (vacating district court decision upon determining the district court lacked jurisdiction over the case in the first instance); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) ("Once it appears, as it has here, that subject matter jurisdiction is lacking, only one path lies open to us. We hereby vacate the order ...."); *People Organized for Welfare & Emp. Rts. v. Thompson*, 727 F.2d 167, 173 (7th Cir. 1984) (vacating district court orders after finding plaintiff lacked standing).

13.     Counsel for Plaintiff has informed Tubi's counsel that they do not oppose the relief sought in this motion.

14. WHEREFORE, Tubi respectfully requests that the Court vacate the decision of the district court on appeal and dismiss this appeal as moot.

Dated: September 24, 2024

Respectfully submitted,

TUBI, INC.

By: /s/ *Brandon D. Fox*
Brandon D. Fox
JENNER & BLOCK LLP
515 S. Flower St., Ste. 3300
Los Angeles, CA 90071
213-239-5100
bfox@jenner.com

David C. Layden
Andrianna D. Kastanek
Daniel Echeverri
JENNER & BLOCK LLP
353 North Clark St.
Chicago, IL 60654
312-222-9350
dlayden@jenner.com
akastanek@jenner.com
decheverri@jenner.com

Erin E. Murphy
 *Counsel of Record*
Andrew C. Lawrence
Kevin Wynosky*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Defendant-Appellant Tubi, Inc.*

# CERTIFICATE OF SERVICE

I, Brandon D. Fox, an attorney, hereby certify that on September 24, 2024, I caused **Defendant-Appellant's Unopposed Motion to Dismiss the Appeal and Vacate the District Court's Order** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Brandon D. Fox*
Brandon D. Fox